appellants and cross-appellees the sum of two thousand seven hundred and fourteen dollars and twenty five cents damages due the state by Reeves on account of his defalcations prior to July 22, 1911, which was paid by them, and eighty dollars and thirty six cents, interest due the state on that date by Reeves on the money for which he was then in default and which interest was paid by the appellees; so that, on the cross-appeal, the decree of the court below will be reversed, and a decree entered here against each of the cross-appellees for his pro rata of the sum of eleven thousand, eight hundred forty-two dollars and eleven cents, with six per cent. interest thereon from July 22, 1911.

*Reversed on cross-appeal, and decree here.*

FITZ GERALD *v.* JOHNSTON ET AL.

[75 South. 692, Division A.]

CONTRACT. *Options. Peremptory instructions.*

Under the facts as set out in this case the court held that a peremptory instruction for the defendant was erroneous, and the case should have been submitted to the jury.

APPEAL from the circuit court of Coahoma county.
HON. W. A. ALCORN, Jr., Judge.

Suit by Gerald Fitz Gerald against O. G. Johnston and another. From a judgment for defendant, plaintiff appeals.

Appellant filed suit in the circuit court against appellees, Johnston and Stuart, for the sum of one thousand dollars, which he alleged Stuart had agreed to pay him for delivering to him an option or deed to certain property belonging to one Lawler, upon which appellant held an option as the agent of Lawler. Fitz Gerald subse-

quently sold the property to Johnston, and Johnston had the deed made to himself and Stuart, whereupon appellant demanded one thousand dollars of Johnston and Stuart, in accordance with his alleged agreement with Stuart. Johnston's defense was that he knew nothing of such a transaction, as he acted for himself alone in purchasing the property, and agreed to let Stuart have a half interest in the property with him. The court gave a peremptory instruction to find for the defendants, upon the theory that the amount claimed was without consideration, and that appellant was acting as the agent of Lawler, and had been paid a commission by Lawler to sell the property.

*Scott & Yerger,* for appellant.

Appellants theory of the case is this, that, Mr. Fitz Gerald made and entered into a good and valid contract with the appellees herein to do and perform certain services for a valuable consideration; that the services were performed; that the appellees received great benefit therefrom, and that they were and are bound by the contract which they entered into with Mr. Fitz Gerald, and that the amount of compensation, which they promised him is due and owing him from them; they cannot escape liability therefor by claiming want of consideration.

We contend that the contract between the parties was completed, for there was first an offer made by Mr. Fitz Gerald, to perform certain services for a certain consideration; second, acceptance by Mr. Stuart, one of the appellees, of the said offer; third, performance by Mr. Fitz Gerald of the service in question.

We contend further that, the consideration was a good and valuable consideration in the eyes of the law. First, because, there was a benefit to the appellees, resulting from the services rendered them by the appellant. Second, a detriment to the appellant. Third, there is a suf-

ficient consideration for a promise by a third person, made to induce a party to a contract to perform the contract. *Abbott* v. *Done* (Mass.), 47 American State Reports, 465; *Scotson* v. *Pegg,* 6 Hurlst N. 295; *Shadwell* v. *Shadwell,* 9 C. B. (N. S.) 159; *Clutterbuck* v. *Coffin,* 3 M. C. N. G. 842; *Morrick* v. *Giggens,* 1 Mackey 394 (Dist. Col.); *Grant* v. *Deluth M. N. P. Ry. Co.,* 63 N. W. 1026.

*J. W. Cutrer,* for appellee.

We submit that plaintiff's evidence in this case falls far short of sustaining the allegations of either count in the declaration, either as originally drawn or as amended, because in accordance with the undisputed facts, Fitz Gerald negotiated the sale of the Swan Lake Plantation, not pursuant to the terms of the option, exhibit "A," but under the terms of a verbal agreement with Lawler, according to the terms of which he was employed at and for the sum of two thousand dollars to sell the property for a net sum of ninety-five thousand dollars. This being true, the option, exhibit "A" to the amended declaration has no bearing whatsoever upon the case.

The defendants in this case confidently assert that the court below should be affirmed and base their claim upon three propositions. First and foremost, that the evidence in nowise sustains the allegations of the declaration. Second, that the evidence, discloses that the defendant Johnston had no connection with the defendant Stuart and Fitz Gerald. That said Stuart and Johnston were not partners when Stuart is alleged to have negotiated with Fitz Gerald or ever at any time thereafter, and the record does not show that the defendant Johnston was ever advised or informed of the terms or conditions of the alleged agreement between Stuart and Fitz Gerald and therefore did not and could not have ratified

same.  Third, that in no event can the defendant Stuart be held, not only because there was no consideration moving from Fitz Gerald to him for the alleged contract and agreement, but further because any such agreement made would have been violative of public policy and wholly void.  9 Cyc., 347, and cases cited in note 39; 9 Cyc. 349, paragraph C and cases cited there; *Keith* v. *Miles,* 39 Miss. 442.

In conclusion, we submit that Mr. Fitz Gerald was amply compensated by his client, Lawler, for what he did in the premises, and that he is not entitled to recover in this action.

SMITH, C. J., delivered the opinion of the court.

The peremptory instruction should not have been given, but the cause should have been submitted to the jury.
*Reversed and remanded.*